THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv123

| | |
|---|---|
| DAVID E. FOWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 9] and the Defendant's Motion for Summary Judgment. [Doc. 14].

**I.     PROCEDURAL HISTORY**

Plaintiff David E. Fowler filed an application for a period of disability and disability insurance benefits and Supplemental Security Income on February 5, 2007, alleging that he had become disabled as of June 15, 2006. [Transcript ("T.") 104, 113]. The Plaintiff's application was denied initially and on reconsideration. [T. 63-67, 69-71, 73-76, 77-80]. A hearing was held before Administrative Law Judge ("ALJ") S.D. Schwartzberg on June 20, 2008. [T. 25-56]. On August 15, 2008, the ALJ issued a decision denying the

Plaintiff benefits. [T. 12-22]. The Appeals Council accepted additional evidence, but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-6]. Plaintiff has exhausted his available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets

or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV.   FACTS AS STATED IN THE RECORD

At the time of his hearing, Plaintiff was 43 years old. He completed the eighth grade, and all of his classes were in special education. [T. 28]. His past relevant work consisted of heavy construction labor. [T. 33]. He stopped doing construction work in June 2006 due to back pain. [T. 34]. After that, he began selling aluminum cans and other scrap metal to support himself. [T. 30-31]. In 2008, he began working part-time for his brother, picking up scrap and debris while his brother installed carpet. [Id.].

In addition to back pain, Plaintiff has neck pain. He testified that he had neck surgery in January 2008. Before the surgery, his neck problems would cause him to have massive headaches for two to three days at a time. [T. 35]. He reported that the surgery did not help significantly, and he still has pain daily. Plaintiff further testified that he has diabetes, high blood pressure, and thyroid problems. At the ALJ hearing, he reported that he was under evaluation for possible multiple sclerosis. [T. 36-39]. Plaintiff testified that he also has shortness of breath from an unspecified lung impairment. He stated that he has intermittent emotional problems. [T. 46].

Plaintiff testified that he cannot sit for more than thirty minutes before his legs go numb. He stated that he can stand for only ten to fifteen minutes before needing to change his position due to numbness and pain. [T. 39]. He testified that he cannot lift more than ten pounds. [T. 40-41]. Plaintiff stated that when he works with his brother, he crawls because he cannot bend over. He does not have lace-tie shoes due to bending problems. He reported that his left, non-dominant arm is weaker than his right dominant arm. He stated he has carpal tunnel syndrome in his right hand, but his grip is mostly good. [T. 44]. He testified that he rests four to five hours per day. [T. 42]. He

5

further stated that he cannot keep up with his own medications and is forgetful. [T. 47].

Plaintiff testified that being in one position for a long time is problematic. [T. 43]. He stated that physical therapy is too painful to do. [T. 44]. He further testified that he does no housework; although his wife is disabled, she performs all the housework from a sitting position. Plaintiff testified that he sits around the house except when his brother wants him to work. [T. 49-50].

The only medical evidence to which Plaintiff cites in his appeal is the opinion of Karen Marcus, Psy.D. Dr. Marcus performed a psychological evaluation at the behest of Plaintiff's prior legal counsel on May 23, 2008, one month prior to his hearing before the ALJ. [T. 419-30]. Dr. Marcus's only notation about social functioning was that he had never been arrested or served in the military. Plaintiff told her that he had no problems getting along with others while working. The only pain medication he reported taking was aspirin. He had no past mental health treatment other than one appointment a month earlier, at the suggestion of another professional. He said that he has a psychotropic medication at home but was not taking it because he "felt better" soon after it was prescribed. [T. 421-22]. He reported various temporally remote issues such as staying up all night during childhood,

Case 1:10-cv-00123-MR   Document 16   Filed 11/29/11   Page 6 of 12

significant alcohol use in younger years, and a family history of alcoholism. On these bases, Dr. Marcus formed diagnostic impressions of Bipolar Disorder, NOS; Undifferentiated Somatization Disorder; Learning Disorder, NOS and a GAF score of 45. She then filled out a Psychiatric Review Technique (PRT) form, finding that Plaintiff met Listings 12.04 and 12.07, as he had marked limitations in social functioning and concentration persistence and pace, as well as three or more episodes of extended decompensation since 2006. [T. 431-44].

## V.     THE ALJ'S DECISION

On August 15, 2008, the ALJ issued a decision denying the Plaintiff benefits. [T. 12-22]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was June 30, 2012 and that he had not engaged in substantial gainful activity since June 15, 2006, the alleged onset date. [T. 18]. The ALJ then determined that history of cervical surgery in January 2008, intermittent shoulder pain, chronic low back pain with multilevel degenerative changes on MRI, and problems dealing with stress were severe impairments. [Id.]. The ALJ concluded that the Plaintiff's impairments did not meet or equal a listing. [Id.]. He then determined that Plaintiff retained the residual functional capacity to perform simple, routine repetitive light work with

7

occasional postural changes, a sit/stand option, and no public contact. [T. 19]. He found that Plaintiff was unable to perform his past relevant work, but that considering his age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff could perform. [T. 21]. Accordingly, he concluded that the Plaintiff was not disabled from June 15, 2006 through the date of his decision. [T. 22].

**VI.    DISCUSSION**

Plaintiff challenges the ALJ's evaluation of Dr. Marcus's opinion and his evaluation of Plaintiff's complaints of disabling pain and other symptoms. As discussed below, the Court finds no error.

**A.    The ALJ properly evaluated Dr. Marcus's opinion and the evidence of Plaintiff's mental impairments, and his findings are supported by substantial evidence.**

Plaintiff first challenges the ALJ's rejection of Dr. Marcus's determination that Plaintiff had severe mental impairments which impaired his ability to perform mental work functions. There is substantial evidence, however, to support the ALJ's determination in this regard. As the ALJ correctly noted, Dr. Marcus's opinion was inconsistent with the overall medical evidence of record. Plaintiff had received no mental health treatment prior to Dr. Marcus's evaluation. Indeed, there is no other evidence of record to suggest that

8

Plaintiff suffered from any disabling mental impairments.[1] [T. 17-18]. Given the great disparity between Dr. Marcus's findings of "marked" severe symptoms and the complete absence of other evidence of mental impairments within the medical records, the ALJ did not err in deciding to attribute no weight to her opinions.

Plaintiff further argues that the ALJ erred in disregarding the Global Assessment of Functioning (GAF) score of 45 found by Dr. Marcus. This argument too must be rejected. A finding of disability requires proof of twelve continuous months of limitations. 42 U.S.C. § 423(d)(1)(A). A GAF score, however, is a mere snapshot of functioning at a given moment. Am. Psychiatric Ass'n, <u>Diagnostic and Statistical Manual of Mental Disorders</u> (<u>DSM-IV-TR</u>) 32-33 (2000). For this reason, a single GAF score is of questionable evidentiary value at best. This is all the more true where, as here, there is no evidence that the severity of Plaintiff's conditions at the time the GAF was measured continued on an ongoing basis.

Plaintiff also asserts that the Social and Occupational Functioning Assessment Scale (SOFAS) should be used to interpret his GAF score to mean that he cannot work. [Doc. 10 at 4]. He offers no explanation for why

---

[1] Given the disability duration requirements, Plaintiff's minimal post-hearing mental health counseling [T. 461-78] is insufficient to change this conclusion.

9

a GAF score could or should be interpreted using SOFAS. The scales themselves suggest no basis for that proposition.

Plaintiff further suggests that the ALJ should have ordered a state agency psychological evaluation, thus implying that the ALJ failed to meet his duty to fully develop the record. This argument ignores the fact that Plaintiff must first meet his own burden to produce evidence suggesting a mental impairment. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As Plaintiff has failed to offer any credible evidence of a mental impairment, the ALJ did not err in failing to order a state agency evaluation. This assignment of error is without merit.

**B. The ALJ's evaluation of Plaintiff's pain and symptoms followed applicable law and is supported by substantial evidence.**

The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir.1996) (citing 20 C.F.R. § 416.929(b); § 404.1529(b); 42 U.S.C. § 423(d)(5)(A)). If there is such evidence, then the ALJ must then evaluate "the intensity and persistence of

the claimant's pain, and the extent to which it affects her ability to work." Id. at 595 (citing 20 C.F.R. § 416.929(c)(1) and § 404.1529(c)(1)).

Having found that Plaintiff's neck, shoulder and low back conditions were severe conditions that could reasonably be expected to cause the pain and other symptoms alleged, the ALJ discussed the evidence. [T. 18]. He pointed to ample evidence that Plaintiff's pain was relatively low in intensity, contradicting Plaintiff's assertions that the pain was disabling. He further noted that the Plaintiff took only Aleve, and that he had rejected more significant pain relief efforts such as injections. [T. 16]. "In considering the credibility of the claimant's subjective allegations of pain, the ALJ must consider (factors which include) the extensiveness of the attempts (medical or nonmedical) to obtain relief...." McKenney v. Apfel, 38 F.Supp.2d 1249, 1259 (D. Kan. 1999) (citing Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991)). As Defendant notes [Doc. 15 at 13], neither the record nor Plaintiff's argument suggests that Plaintiff's pain imposes non-voluntary limitations on his activities of daily living.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d

11

987, 989 (4th Cir. 1984). Plaintiff points to no evidence that reconciles the inconsistencies found by the ALJ, and the record amply supports his findings of fact. Given the deference due to the ALJ's credibility determination, the Court finds that the ALJ's analysis of pain and symptoms at step four followed applicable law and is supported by substantial evidence.

**VII. CONCLUSION**

For the foregoing reasons, the Court concludes that the ALJ applied the correct legal standards, and that there is substantial evidence to support the ALJ's finding of no disability through the date of his decision.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 9] is **DENIED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: November 29, 2011

Martin Reidinger
United States District Judge